**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**September 28, 2006**

**TENTH CIRCUIT**

**Elisabeth A. Shumaker**
**Clerk of Court**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

GABRIEL FLORES, also known as
"Gabe,"

Defendant - Appellant.

No. 05-1348

D. Colorado

(D.C. No. 04-CR-00027-2-EWN)

**ORDER AND JUDGMENT**[*]

Before **TACHA**, Chief Judge, **ANDERSON** and **BRORBY**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. See Fed. R. App. P. 34 (a)(2); 10th Cir. R. 34.1(G). This cause is
therefore ordered submitted without oral argument.

Pursuant to a plea agreement, defendant/appellant Gabriel Flores pled
guilty to one count of conspiracy to distribute and possess with intent to distribute

---

[*]This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

five kilograms or more of cocaine and fifty grams or more of methamphetamine or 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A)(ii)(II), (b)(1)(A)(viii) and 846. He was sentenced to seventy-one months' imprisonment, followed by five years of supervised release. He has timely appealed.

Flores's appointed counsel, Glen Anstine, has filed an <u>Anders</u> brief and moved to withdraw as counsel. <u>See</u> <u>Anders v. California</u>, 386 U.S. 738 (1967). Flores has not filed a response, and the government has declined to file a brief. We therefore base our conclusion on counsel's brief and our own review of the record. For the reasons set forth below, we agree with Mr. Anstine that the record in this case provides no nonfrivolous basis for an appeal, and we therefore grant his motion to withdraw and dismiss this appeal.

## BACKGROUND

We summarize the facts relevant to Flores's guilty plea from the plea agreement. Flores worked in California for a source of cocaine and methamphetamine. He transported large quantities of cocaine and methamphetamine from this source in California to members of the Melina family in Denver, Colorado. More specifically, Flores negotiated drug deals with Melina family members, including several co-defendants, arranged for transportation of drugs, helped transport the drugs and helped transport money back to the source

in California.  The plea agreement calculated the total amount of cocaine involved in the conspiracy as 991.3 grams and the total amount of methamphetamine as 452 grams.  Based in part upon information, including taped conversations, provided by a confidential informant, Flores was arrested on March 25, 2004.

Shortly after his arrest, Flores indicated that he was interested in providing information in exchange for a sentence reduction motion.  Because Flores was the first in the case to choose to cooperate with authorities, he helped secure plea dispositions from and further cooperation from his co-defendants.

As indicated, Flores pled guilty pursuant to a plea agreement.  The government agreed in the plea agreement to file a motion for a three-level decrease for acceptance of responsibility, pursuant to United States Sentencing Commission, Guidelines Manual ("USSG") (2004) §3E1.1(b).  Flores agreed to cooperate fully with the government and, in exchange, the government agreed:

> if [the government] determines, in its sole discretion, that the defendant has cooperated fully, provided substantial assistance to law enforcement authorities and otherwise complied with the terms of this agreement, the government, at the time of sentencing, will file a motion with the sentencing Court pursuant to [USSG] [§ ]5K1.1 . . . and [18 U.S.C. §] 3553(e).  This motion will permit the Court, in its discretion, to impose a sentence below the applicable Sentencing Guidelines range and th[e] statutory minimum.

Plea Agreement at 3, R. Vol. I, tab 117.  The government further pledged:

> In consideration of this proposed cooperation, and pursuant to Section 5K1.1 of the sentencing guidelines, the government states its intention to recommend that the Court depart at least 35% or to a sentence of no more than 71 months.  The nature and extent of the

defendant's cooperation, as well as the final requested departure, will be set forth in the 5K1.1 motion.

Id. at 4.  See Fed. R. Crim. P. 11(c)(1)(A), (B).

The plea agreement also included an estimated guidelines sentencing range of 108 to 135 months, which was based upon a total offense level of 31 and a tentative criminal history category of I.  The agreement further noted, however, that the proposed USSG §5K1.1 motion to reduce Flores's sentence by 35% would result in a sentence of seventy-one months.

In preparation for sentencing, the United States Probation Office prepared a presentence report ("PSR").  The PSR calculated Flores's advisory guidelines sentencing range identically to the plea agreement.  At Flores's sentencing hearing, his counsel asked for a sixty-month sentence, apparently based upon the notion of starting the guideline calculation at the statutory mandatory minimum of 120 months rather than at offense level 36.[1]  The government sought the seventy-one month sentence stated in the plea agreement.

The district court acknowledged that it had the authority to sentence Flores to something below the seventy-one month sentence stated in the plea agreement and recommended by the government's §5K1.1 motion, but it declined to do so.

_____

[1]Appellate counsel, who is different from trial counsel, admits that it was a "somewhat confusing proposition."  Appellant's Br. at 4.  Our review of the transcript of the sentencing hearing bears out that characterization.

-4-

It then imposed the sentence of seventy-one months, followed by five years of supervised release. This appeal followed.

## DISCUSSION

Under Anders, "counsel [may] request permission to withdraw [from an appeal] where counsel conscientiously examines a case and determines that any appeal would be wholly frivolous." United States v. Calderon, 428 F.3d 928, 930 (10th Cir. 2005) (citing Anders, 386 U.S. at 744). This process requires counsel to

> submit a brief to the client and the appellate court indicating any potential appealable issues based on the record. The client may then choose to submit arguments to the court. The [c]ourt must then conduct a full examination of the record to determine whether defendant's claims are wholly frivolous. If the court concludes after such an examination that the appeal is frivolous, it may grant counsel's motion to withdraw and may dismiss that appeal.

Id. (citing Anders, 386 U.S. at 744).

Flores's trial counsel listed the following issues in the docketing statement filed with this court: (1) Flores's guilty plea was not knowing, intelligent and voluntary; (2) Flores received ineffective assistance of counsel; and (3) the district court abused its discretion when it sentenced Flores to seventy-one months.

We agree with Flores's appellate counsel that the record contains no evidence supporting those arguments. Thus, we perceive no nonfrivolous basis

upon which to appeal. With respect to the allegation that Flores did not knowingly, intelligently and voluntarily enter into the plea agreement, the record reveals that, throughout the entire process of the plea negotiation and the ultimate imposition of sentence, the court was extremely careful to ensure that Flores received Spanish translations of every document, that he thoroughly understood what was happening and that he understood the consequences of entering into the plea agreement. He repeatedly indicated his understanding of and acquiescence in the plea agreement.

Similarly, there is no indication whatsoever that Flores's counsel was ineffective to such an extent that Flores's guilty plea was involuntary. To the extent Flores is attempting to make a broader claim of ineffectiveness, we note that ordinarily, such claims are properly brought on collateral review, not on direct appeal. See United States v. Brooks, 438 F.3d 1231, 1242 (10th Cir. 2006). Indeed, "[i]neffective assistance claims brought on direct appeal are presumptively dismissible." Id. (quotations omitted). In rare cases, we will permit an ineffective assistance claim to be raised on direct appeal when the record needs no further development. Id. However, "even if the record appears sufficient, 'the claim should still be presented first to the district court in collateral proceedings (which can be instituted without delay) so the reviewing court can have the benefit of the district court's views.'" Id. (quoting United States v. Galloway, 56 F.3d 1239, 1240 (10th Cir. 1995) (en banc)).

Finally, there is no basis upon which to challenge the seventy-one month sentence imposed as unreasonable. It was both reasoned and reasonable, and quite beneficial to Flores, as it was considerably below the advisory guideline sentencing range and modest in comparison with the statutory maximum of life imprisonment.

## CONCLUSION

For the foregoing reasons, we GRANT counsel's motion to withdraw and we DISMISS this appeal.

ENTERED FOR THE COURT

Stephen H. Anderson
Circuit Judge